**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL VAUGHN,

                          Plaintiff,

      - v -                                     Civ. No. 1:08-CV-298
                                                         (FJS/RFT)

MICHAEL WEINIG, INC.,

                          Defendant/Third-Party Plaintiff,

      - v -

TERMINAL MILLWORK, INC.,

                          Third-Party Defendant.

**APPEARANCES:**                              **OF COUNSEL:**

MICHAEL VAUGHN
Plaintiff, *Pro Se*
194 Third Street
Troy, New York 12180

WILSON, ELSER LAW FIRM                THERESA B. MARANGAS, ESQ.
*Attorney for Defendant/Third-Party Plaintiff*    BENJAMIN F. NEIDL, ESQ.
677 Broadway, 9th Floor
Albany, New York 12207

O'CONNOR, O'CONNOR LAW FIRM        TERENCE P. O'CONNOR, ESQ.
*Attorney for Third-Party Defendant*
20 Corporate Woods Boulevard
Albany, New York 12211

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     On March 14, 2008, this product liability case was removed to this Court from New York State Supreme Court, Rensselaer County. Dkt. No. 1, Notice of Removal. During the course of the litigation in this Court, a third-party action was initiated by Defendant Michael Weinig, Inc., against

Plaintiff's employer, Terminal Millwork, Inc. Dkt. No. 14, Third-Party Compl., filed Oct. 8, 2008.

On or about April 20, 2009, this Court was asked to intervene in some discovery disputes that arose due, mostly, to Plaintiff's failure to communicate with his attorney, Office of E. Stewart Jones, Jr., W. Farley Jones, Esq., of counsel; this ultimately led to Plaintiff's attorney requesting permission to withdraw from representing Plaintiff. Dkt. Nos. 28 & 30. On June 30, 2009, this Court granted the request to withdraw based upon Plaintiff's failure to cooperate with his attorney in diligently prosecuting this matter. Dkt. No. 33. In granting the Motion to Withdraw, this Court noted that Mr. Vaughn failed to appear at the Hearing, despite being provided notice of the proceeding. *Id*. at pp. 1-2. We nevertheless permitted a block of time for Plaintiff to secure other counsel and directed Plaintiff to notify the Court of his representative status by the end of the allotted time period. *Id*. at p. 2. We further warned Plaintiff that his failure to comply with the Court's Order could lead to sanctions, including dismissal of his claims. *Id*.

By August 24, 2009, we still had not received any communication from Plaintiff and it appeared to this Court that perhaps Plaintiff no longer was interested in pursuing his case. In an abundance of caution, the Court directed Plaintiff to provide, in writing, his intentions with regard to the prosecution of this matter. Dkt. No. 35. Plaintiff was again warned that his failure to abide by the Court's Orders could lead to dismissal of his claims. In clear, unmistakable language, the Court stated:

> **IF THE COURT DOES NOT RECEIVE ANY INDICATION OF INTEREST FROM VAUGHN IN PURSUING HIS CASE, THIS COURT WILL RECOMMEND TO THE HONORABLE FREDERICK J. SCULLIN, JR., SENIOR UNITED STATES DISTRICT JUDGE, TO PLACE THIS MATTER ON HIS RULE 41(b) CALENDAR FOR DISMISSAL**

*Id*. at p. 2 (emphasis in original).

As of the date of this Report-Recommendation and Order, Plaintiff has failed to abide by this

Court's Orders and has failed to communicate with the Court since April 2009, when his then-counsel first apprised the Court of his failure to cooperate in discovery. Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (citing *Rodriguez v. Walsh*, 1194 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)). Plaintiff's actions, or failure to act, are an indication of his abandonment of his claims herein; such warrants a recommendation of dismissal. *See* FED. R. CIV. P. 41(b) (allowing for dismissal of an action for failure to prosecute); *see also* N.D.N.Y.L.R. 41.2(a) (noting that a plaintiff's failure to take action for four months is "presumptive evidence of lack of prosecution).

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that this action be added to Judge Scullin's Rule 41(b) dismissal calendar due to Plaintiff's failure to prosecute; and it is further

**ORDERED**, that Defendant Weinig's request for a conference with the Court (Dkt. No. 36) is **denied** as moot in light of the above recommendation; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Report-Recommendation and Order on parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   September 28, 2009
       Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge