UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL VAUGHN,

                        **Plaintiff,**

               v.                                          1:08-CV-298
                                                                  (FJS/RFT)

MICHAEL WEINIG, INC.,

                        **Defendant-**
                        **Third-party Plaintiff,**

TERMINAL MILLWORK, INC.,

                        **Third-party Defendant.**
_____

**APPEARANCES**                                      **OF COUNSEL**

**MICHAEL VAUGHN**
Troy, New York 12180
Plaintiff *pro se*

**WILSON ELSER, MOSKOWITZ,**      **THERESA B. MARANGAS, ESQ.**
**EDELMAN & DICKER LLP**            **BENJAMIN F. NEIDL, ESQ.**
677 Broadway, 9th Floor
Albany, New York 12207-2996
Attorneys for Defendant

**O'CONNOR, O'CONNOR, BRESEE**     **TERENCE P. O'CONNOR, ESQ.**
**& FIRST, P.C.**
20 Corporate Woods Boulevard
Albany, New York 12211
Attorneys for Third-party Defendant

**SCULLIN, Senior Judge**

## ORDER

      On March 14, 2008, Defendant removed this product liability case to this Court from

New York State Supreme Court, Rensselaer County. *See* Dkt. No. 1. During the course of this

litigation, Defendant initiated a third-party action against Plaintiff's employer.  *See* Dkt. No. 14.

On May 14, 2009, and again on June 18, 2009, Plaintiff's attorney moved to withdraw as Plaintiff's counsel.  *See* Dkt. Nos. 29, 31.  Magistrate Judge Treece granted those motions based on Plaintiff's failure to cooperate with his attorney in diligently prosecuting this matter.  *See* Dkt. No. 33.  In an Order dated June 30, 2009, Magistrate Judge Treece noted that Plaintiff had not appeared at the hearing, despite the fact that the Court provided him with notice of the proceeding.  *See id.* at 1-2.  Nevertheless, Magistrate Judge Treece provided Plaintiff with forty-five days to retain new counsel and directed Plaintiff to notify the Court if he was unable to do so within that time frame.  *See id.* at 2.  Magistrate Judge Treece also warned Plaintiff that his failure to comply with the Court's Order could lead to sanctions, including dismissal of this action.  *See id.*

Plaintiff did not communicate with the Court within the forty-five-day period.  Nevertheless, in an Order dated August 24, 2009, Magistrate Judge Treece, in an abundance of caution, directed Plaintiff to notify the Court "immediately, but no later than September 4, 2009, whether he intend[ed] on prosecuting this case."  *See* Dkt. No. 35 at 2.  Magistrate Judge Treece also warned Plaintiff that his failure to abide with the Court's Orders could lead to the dismissal of this action.  Specifically, Magistrate Judge Treece warned Plaintiff that, "[i]f the Court does not receive any indication of interest from [Plaintiff] in pursuing his case, this Court will recommend to the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, to place this matter on his Rule 41(b) calendar for dismissal."  *See id.*

As of September 28, 2009, Plaintiff had not complied with Magistrate Judge Treece's August 24, 2009 Order.  Since Plaintiff had failed to communicate with the Court since April

2009, Magistrate Judge Treece concluded that "Plaintiff's actions, or failure to act, are an indication of his abandonment of his claims herein . . . ." *See* Dkt. No. 37 at 3 (citations omitted). Therefore, in a Report-Recommendation and Order dated September 28, 2009, he recommended that this Court place this matter on its Rule 41(b) dismissal calendar for failure to prosecute. *See id.*

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court, in its discretion, may dismiss an action based on the plaintiff's failure to prosecute or to comply with the court's orders. *See* Fed. R. Civ. P. 41(b); *see also* L. R. 41.2(a). Accordingly, for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Treece's September 28, 2009 Report-Recommendation and Order is **ADOPTED IN ITS ENTIRETY** for the reasons stated therein; and the Court further

**ORDERS** that this matter is placed on the Court's dismissal calendar, scheduled for **November 23, 2009, at 3:30 p.m.**, based on Plaintiff's failure to prosecute this matter; and the Court further

**ORDERS** that the parties do **not** need to appear before the Court on the date set for the dismissal calendar; and the Court further

**ORDERS** that Plaintiff shall, on or before **November 13, 2009**, file with the Court and serve on opposing counsel, a written statement showing cause why the Court should not dismiss this action for failure to prosecute; and the Court further

**ORDERS** that, if Plaintiff fails to file and serve the required written statement on or before **November 13, 2009**, the Court will issue a written order on **November 23, 2009**,

dismissing this action for failure to prosecute; and the Court further

**ORDERS** that Defendant's request for a conference with the Court is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff at his last known address by certified mail return receipt requested; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Defendant and Third-party Defendant in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 4, 2009
       Syracuse, New York

                                           Frederick J. Scullin, Jr.
                                           Senior United States District Court Judge